UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN L. COX,

        Plaintiff,

  v.

PAT GLEBE et al.,

        Defendants.

CASE NO. C13-5073 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
DECEMBER 6, 2013

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

    The two remaining defendants, Pat Glebe and Joseph Williamson, ask that the Court grant them summary judgment on plaintiff's retaliation claims (ECF No. 17). The Court recommends granting the motion because defendant Glebe shows that the action he took furthered legitimate penological goals and because defendant Williamson has presented his affidavit claiming that he did not retaliate against plaintiff or threaten plaintiff for filing a grievance. Plaintiff has failed to oppose the motion for summary judgment or come forward

REPORT AND RECOMMENDATION - 1

with admissible evidence to support his contention that defendant Williamson threatened him. Defendants informed plaintiff of his obligation to oppose their summary judgment motion (ECF No. 22), and the time has expired for him to file a response.

## STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine issue of fact for trial if the record, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also T. W. Elec. Service Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1985); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). When presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255 (*citing Adickes v. S.H. Dress & Co.*, 398 U.S. 144, 158-59 (1970)). Conclusory, nonspecific statements in affidavits are not sufficient; and, the court will not presume "missing facts." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

To prove retaliation, plaintiff must show that he was retaliated against for exercising constitutional rights, and that the retaliatory action did not advance "legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16

1 (9th Cir. 1994) (*per curiam*) (*citing Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985)).

2 Plaintiff must submit evidence to establish a link between the exercise of constitutional rights

3 and the allegedly retaliatory action.  *See Pratt v. Rowland*, 65 F.3d 802, 807-08 (9th Cir. 1995).

4 Finally, plaintiff must demonstrate that his First Amendment rights were chilled or infringed by

5 the alleged retaliatory action.  *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *see also*

6 *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

      A.    Defendant Glebe.

Plaintiff alleges that defendant Glebe retaliated against him for the filing of a grievance by not allowing plaintiff to have a visitor who had been cleared for visitation prior to his filing the grievance (ECF No. 1, attached complaint pp. 20-21).

Defendants allege that in January of 2012, Mr. Cox approached his counselor, Sarah Sullivan, and asked if Jamie Sampson would still be allowed to visit after changing her last name to Benson (ECF No. 18, Declaration of Sullivan).  Counselor Sullivan checked plaintiff's criminal history and learned that plaintiff had a 2007 indecent liberties conviction and the judgment and sentence prevented him having any contact with the other participants in the crime. Counselor Sullivan alleges that Ms. Benson allowed plaintiff to have contact with children she was babysitting, which gave him the opportunity to commit his crime. (ECF No. 18). Thus, she was a participant in the crime.

Preventing plaintiff from violating the terms of his judgment and sentence furthers legitimate penological goals and cannot be depicted as retaliation.  The Court recommends granting defendant Glebe's motion for summary judgment.

//

//

B.     Defendant Williamson.

Plaintiff alleges that defendant Williamson retaliated by attempting to intimidate him to withdraw his grievance and plaintiff alleges that defendant Williamson threatened him with segregation (ECF No. 1, p. 13).  Plaintiff did not sign the complaint under penalty of perjury and it is not a verified complaint.

Plaintiff reiterates his allegations in his opposition to defendants' motion to dismiss (ECF No. 8).  Again, plaintiff failed to sign his pleading under penalty of perjury and the pleading is not admissible as evidence.

Fed. R. Civ. P. 56 (c) explains what a non movant party must submit in order to avoid summary judgment.

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Defendants warned plaintiff of his obligation to oppose their motion for summary judgment contemporaneously with their bringing the motion (ECF No. 22).  Plaintiff

1 failed to respond or submit evidence opposing defendants' contentions. The Court
2 recommends granting defendant Williamson's motion for summary judgment.

3       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.
5 Civ. P. 6. Failure to file objections will result in a waiver of those objections for
6 purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).
7 Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to
8 set the matter for consideration on December 6, 2013, as noted in the caption.

9       Dated this 15th day of November, 2013.

                                    J. Richard Creatura
                                    United States Magistrate Judge